# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | |
|---|---|
| **CHARLES LEE CREAGER** | **CIVIL ACTION NO. 3:17-cv-299** |
|     LA. DOC #1764384 | |
| VS. | SECTION P |
| | JUDGE ROBERT G. JAMES |
| **WILLIAM EVANS** | **MAGISTRATE JUDGE KAREN L. HAYES** |

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Charles Lee Creager, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on February 21, 2017. Plaintiff is an inmate in the custody of Louisiana's Department of Corrections (DOC), incarcerated at the West Monroe Corrections Center (WMCC). He complains that he was strip searched on February 2, 2017, in front of a camera and seven inmates and that comments were made about this private parts. He sued Deputy William Evans, who performed the strip search, seeking compensatory damages. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted.

## *Background*

Plaintiff complains of a strip search that took place on February 2, 2017, at 8:25 p.m., by Deputy William Evans. He asserts that the strip search was not conducted properly, as "everyone was lined up behind to the sid (sic) of the officer and one at a time were pretty much put on display for the camra (sic) and the other inmates." [Rec. Doc. 8] Comments were made about his private parts, as well. The comments, as well as the fact that he was allegedly in lock down "on accident"

[Rec. Doc. 1, p. 3], caused him to be embarrassed and humiliated. He "felt threatened, like he was going to be raped or something." [Rec. Doc. 10]

Plaintiff asked for monetary damages.

*Law and Analysis*

*1. Screening*

Plaintiff is a prisoner seeking redress from an officer or employee of a governmental entity who has been permitted to proceed *in forma pauperis*. Accordingly, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir.1998) (per curiam). Since he is proceeding *in forma pauperis,* his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2) (B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (A court should begin its analysis by "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether

2

they plausibly give rise to an entitlement to relief."); *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995).

Courts are not only vested with the authority to dismiss a claim based on an indisputably meritless legal theory, but are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neiztke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

## 2. Strip Search

Plaintiff complains that he was the victim of an unreasonable search. The Fourth Amendment generally provides the correct standard for evaluating inmate claims of unconstitutional strip searches and body cavity searches. *Moore v. Carwell*, 168 F.3d 234, 237 (5th Cir.1999) (citing *Elliott v. Lynn*, 38 F.3d 188, 191 n. 3 (5th Cir.1994); *United States v. Lilly*, 576 F.2d 1240 (5th Cir.1978)).

The Fifth Circuit has stated that it "is required, as a matter of both common sense and law, to accord prison administrators great deference and flexibility in carrying out their responsibilities to the public and to the inmates under their control, including deference to the authorities' determination of the 'reasonableness of the scope, the manner, the place and the justification for a particular policy.' " *Elliott v. Lynn*, 38 F.3d 188 (5th Cir.1994), cert. den., 514 U.S. 1117, 115 S.Ct. 1976 (1995), *citing Hay v. Waldron*, 834 F.2d 481, 486 (5th Cir.1987). Prison officials are entitled to wide-ranging deference for their policies designed to maintain institutional security. *Bell*, 441 U.S. at 558, 99 S.Ct. at 1884. T

The *Bell* Court stated, "A detention facility is a unique place fraught with serious security dangers. Smuggling of money, drugs, weapons, and other contraband is all too common an

3

occurrence. And inmate attempts to secrete these items into the facility by concealing them in body cavities are documented in this record ... and in other cases." Visual body-cavity inspections conducted in the manner contemplated by the prison rules can be conducted on less than probable cause and do not constitute punishment since they are reasonable responses to legitimate security concerns. *Bell*, 441 U.S. at. 1885–1886, 99 S.Ct. at 559.

A prisoner's rights are diminished by the needs and exigencies of the institution in which he is incarcerated. He thus loses those rights that are necessarily sacrificed to legitimate penological needs. *Moore v. Carwell*, 168 F.3d 234, 236–37 (5th Cir.1999), *citing Elliott*, 38 F.3d at 190–191. Visual cavity searches are necessary not only to discover but also to deter the smuggling of weapons, drugs, and other contraband into the institution. *Bell*, 441 U.S. at 558, 99 S.Ct. at 1884.

In *Elliot*, the Fifth Circuit found a collective strip search of all inmates in an institution-wide shakedown, in a large, non-private room and in the presence of extra guards, was constitutionally reasonable. *See also, Montgomery v. Johnston*, 184 F.2d 816, *1 (5th Cir.1999) (strip searches are reasonably related to the legitimate penological interest in security); *Kelley v. Handorf*, 96 F.3d 1442, *1 (5th Cir.1996) (strip searches in non-secluded areas of prisoners classified as assaultive are reasonably related to the legitimate penological interest in security); *Clark v. Collins*, 5 F.3d 1494, *2 (5th Cir.1994) (prison officials may constitutionally conduct strip searches to maintain prison security; *Hay*, 834 F.2d at 486 (routine strip searches of inmates going in and out of the segregated housing unit was reasonably related to legitimate security needs to prevent the transfer or concealment of prison contraband).

Plaintiff also complains that he was the object of verbal abuse or ridicule by the guards. However, such claims of verbal abuse are not actionable under §1983. *See Siglar v. Hightower*, 112 F.3d 191, 193-94 (5th Cir.1997); *Calhoun v. Hargrove*, 312 F.3d 730, 734 (5th Cir. 2002).

Finally, plaintiff has alleged no physical injury resulting from the alleged search, yet he seeks compensatory damages. Title 42 U.S.C. § 1997e(e) states, "No federal civil action may be brought by a prisoner ... for mental or emotional injury ... without a prior showing of physical injury." Plaintiff has alleged no physical injury resulting from the search itself, and therefore, his request for monetary damages for precludes recovery and warrants dismissal of his complaint. *Hutchins v. McDaniels*, 512 F.3d 193 (5th Cir. 2007).

### *Conclusion and Recommendation*

For the foregoing reasons,

**IT IS RECOMMENDED THAT** plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief might be granted in accordance with the provisions of 28 U.S.C. §1915(e)(2)(B).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall**

bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

    In Chambers, Monroe, Louisiana, April 12, 2017.

                                               **KAREN L. HAYES**
                                               **UNITED STATES MAGISTRATE JUDGE**